IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,670-01






EX PARTE GREGORY DEWAYNE HODGE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22576-A IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded no contest to aggravated
assault of a correctional officer, and was sentenced to fifteen years' imprisonment. He did not appeal
his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to invoke Applicant's right to a speedy trial. According to Applicant, the eighteen-month delay between his offense and his plea resulted in one of his witnesses being released, and
another witness being "harassed" into changing his story. Applicant alleges that counsel failed to
seek out or obtain statements from other witnesses, and failed to investigate the issue of self defense. 
 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the counsel investigated the
possibility that Applicant acted in self defense, and whether counsel sought out potential witnesses. 
The trial court shall make findings as to whether the period of time between the offense and the plea
led to the loss of potential defense witnesses, and if so, whether counsel invoked Applicant's right
to a speedy trial. The trial court shall make findings as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


 

Filed: April 1, 2009

Do not publish